UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLES TOLAND,

                                 Petitioner,                      9:02-CV-0399
                                                                           (GLS/GHL)

                v.

JAMES J. WALSH, Superintendent,

                                 Respondent.
_____

APPEARANCES:                                    OF COUNSEL:

CHARLES TOLAND
Petitioner *Pro Se*

OFFICE OF THE ATTORNEY GENERAL        GERALD J. ROCK, ESQ.
State of New York                               Assistant Attorney General
Counsel for the Respondent

GEORGE H. LOWE, U.S. MAGISTRATE JUDGE

## DECISION and ORDER

      By Decision and Order filed January 16, 2007, Petitioner Charles Toland's request for leave to further amend his petition for habeas corpus relief was denied. Dkt. No. 35.[1] In so ruling, the Court determined that the requested amendment was futile because Petitioner's newly asserted claims were time-barred. *Id*. at 7-8.

      Petitioner has filed a motion seeking reconsideration of that Decision and Order. Dkt. No. 36. Respondent has filed papers in opposition (Dkt. No. 38), and Petitioner has filed a reply. Dkt. No. 40.

      A court may justifiably reconsider its previous ruling if: (1) there is an intervening change

---

[1] Petitioner commenced this habeas corpus action to challenge his 1996 convictions in Schenectady County Court on charges of second degree murder, first degree assault, first degree kidnaping and first degree unlawful imprisonment. Petitioner filed an amended petition on April 10, 2002. Dkt. No. 4.

in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).  The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir.1995).  A motion for reconsideration is not to be used "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' ...." *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir.1998) (citations omitted). *See Makas v. Ulster County*, 2007 WL 925728 * 1 (N.D.N.Y. Mar. 27, 2007) (Sharpe, J.).

     Petitioner contends that the Court erred in determining that the additional claims for habeas corpus relief which Petitioner seeks to set forth in a further amended petition are not timely.  Petitioner asserts that his claims of ineffective assistance of appellate counsel "relate back" to the claims in the first amended petition and argues that the Court misinterpreted the Supreme Court's decision in *Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562 (2005).

     Upon review, the Court finds that Petitioner has not demonstrated that reconsideration of the decision denying his motion to amend is warranted.  The Supreme Court held in *Mayle* that relation back under Rule 15(c)(2) "depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims," and rejected an expansive reading of that language which would permit the assertion of any claim simply because it relates to the same trial, conviction or sentence as a timely-filed claim. *Mayle*, *supra*, 125 S. Ct. at 2573-74. Because the petition in this action does not set forth a claim of ineffective assistance of appellate

counsel as a ground for awarding habeas corpus relief, Petitioner's newly identified claims regarding the adequacy of appellate counsel's representation are not united with the original claims by a common core of operative facts. Petitioner's dissatisfaction with this decision does not warrant reconsideration thereof.

In denying Petitioner's motion to amend, the Court also considered whether Petitioner's claims were timely pursuant to 28 U.S.C. § 2244(d)(1)(B)(removal of impediment to filing created by state action), and whether the limitations period was subject to equitable tolling. The Court ruled that Petitioner failed to demonstrate that either of these provisions supported the requested amendment. Dkt. No. 35 at 7 n. 8. Petitioner disagrees, and urges the Court to reconsider these rulings. In support of his motion, Petitioner simply reasserts his claim that he proceeded in good faith and that he was unable to pursue these claims earlier because he did not receive his trial transcript until some time after this action was commenced and because he had several other unrelated legal matters to attend to. Dkt. No. 36 at 4-5.[2] Petitioner has provided numerous exhibits regrading the exhaustion of his ineffective assistance of appellate counsel claims, but has not provided the Court with any evidence regarding the claimed delay in receiving the trial transcripts.

While this Court has no reason to dispute Petitioner's good faith, Petitioner has not established any basis upon which this Court could conclude that the limitations period of 28 U.S.C. § 2244(d)(1)(B) is applicable to his claims of ineffective assistance of appellate counsel. With respect to Petitioner's claim that the limitations period in this action is subject to equitable

---

[2] Petitioner does not claim that there has been an intervening change in the controlling law, nor does he present new evidence not previously available in support of his position.

tolling, the Court finds that Petitioner has failed to make the required showing that "extraordinary circumstances" prevented him from seeking habeas corpus relief on his claims and that he acted with "reasonable diligence throughout the period he seeks to toll." *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

    WHEREFORE, based upon the foregoing, it is hereby

    ORDERED, that Petitioner's motion for reconsideration of the Court's decision denying leave to further amend the petition (Dkt. No. 36) is denied, and it is further

    ORDERED, that the Clerk of the Court serve a copy of this Order on the parties.

IT IS SO ORDERED.

Dated: May 18, 2007
       Syracuse, New York

George H. Lowe
United States Magistrate Judge