**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHARLES W. TOLAND, Jr.,**

|  |  |
|---|---|
| **Petitioner,** | **No. 02-cv-0399** |
|  | **(GLS-VEB)** |
| **v.** |  |

**JAMES J. WALSH,** *Superintendent of*
*Sullivan Correctional Facility,*

**Respondent.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|

**FOR THE PETITIONER:**
CHARLES W. TOLAND, Jr.
*Pro Se*
96-A-5505
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

| **FOR THE RESPONDENT:** | |
|---|---|
| HON. ANDREW M. CUOMO | GERALD J. ROCK, ESQ. |
| New York Attorney General | |
| The Capitol | |
| Albany, New York 12224 | |

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

On March 19, 2002, Charles W. Toland, Jr., proceeding *pro se,*

commenced this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  Toland challenges his New York State conviction and sentence for two counts of murder in the second degree, one count of kidnapping in the first degree, two counts of assault in the first degree, and one count of unlawful imprisonment in the first degree.  (*See* Amended Petition; Dkt. No. 4.)  Toland's petition was referred to Magistrate Judge Victor E. Bianchini for report and recommendation.  On August 20, 2007, Judge Bianchini issued a Report and Recommendation ("R&R") recommending that the petition be denied.  (Dkt. No. 43.)[1]  Pending are Toland's timely written objections ("Objections") to the R&R.  (Dkt. No. 45.)

In light of Toland's specific objections to many aspects of the R&R, the court has reviewed the entire R&R *de novo.  See Almonte v. New York State Div. of Parole,* No. 9:04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  Upon review of Toland's petition, his legal memoranda, the underlying record, and the R&R, the court concludes that Toland's Objections are without merit.  The majority of the arguments advanced by Toland warrant no discussion here; simply put, the Objections do not cast

---

[1]The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

doubt on the validity of the conclusions reached in the R&R.  However, it is worth noting, for the sake of clarity, that the court rejects the suggestion that Judge Bianchini's conclusions were based on a faulty understanding of the evidence adduced at trial.[2]  The court concurs with Judge Bianchini's view of the facts, and the legal conclusions that flow from them. Accordingly, the court adopts the R&R in its entirety and, for the reasons stated therein, denies Toland's petition for a writ of habeas corpus.

Moreover, the court declines to address the argument–advanced for the first time in the Objections–that the trial court's "reasonable doubt" jury instruction was defective.  (*See* Objections at 32-33.)  The court exercises its discretion not to entertain arguments not presented to the magistrate judge in the first instance.  *See Hynes v. Squillace,* 143 F.3d 653, 656 (2d Cir. 1998); *Davis v. Herbert,* No. 00-cv-6691, 2008 WL 495316, at \*1 (S.D.N.Y. Feb. 25, 2008).

**WHEREFORE**, for the foregoing reasons, it is hereby

---

[2]To take but one example, Toland objects to Judge Bianchini's characterization of the victim as having been "hog tied."  According to Toland, the victim was not hog tied; rather, she was found face down with her hands tied behind her back.  While Toland accurately describes the position in which the victim was found, he neglects to mention that the medical examiner testified that although the victim's feet were not bound at the time her body was discovered, they had been bound sometime shortly before her death.  (*See* Trial Transcript at 2664, 2717-18, 2726-27.)  In light of Toland's omission of this significant fact, it is more than a little ironic that he accuses Judge Bianchini of engaging in "cherry picking."

3

**ORDERED** that Toland's application for habeas corpus relief is

DENIED and his petition is DISMISSED; and it is further

**ORDERED** that Magistrate Judge Bianchini's Report and

Recommendation is adopted in its entirety; and it is further

**ORDERED** that because Toland has not made a substantial showing

of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2), a

certificate of appealability will not be issued; and it is further

**ORDERED** that the Clerk provide copies of this Decision and Order

to the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated: March 26, 2008

Gary L. Sharpe
U.S. District Judge

4